NOT YET SCHEDULED FOR ORAL ARGUMENT

───────────────────────

No. 22-7168

───────────────────────

# IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

───────────────────────

DISTRICT OF COLUMBIA, *et al.*,

Appellants,

v.

THE KROGER CO., *et al.*

Appellees.

───────────────────────

On Appeal from the United States District Court
for the District of Columbia

───────────────────────

# APPELLEE ALBERTSONS COMPANIES, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY AFFIRMANCE

───────────────────────

# TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ..................................................................................................................2

    A.    The District Court Correctly Concluded Appellants Were Not Likely to Succeed on the Merits............................................................3

        1.    There Was No Unlawful Agreement or Concerted Action...............3

        2.    The District Court Correctly Found No Evidence of an Unreasonable Restraint of Trade......................................................6

    B.    Appellants Failed to Establish Irreparable Harm. ................................8

    C.    The District Court Correctly Determined The Equities Do Not Favor Preliminary Injunctive Relief.......................................................9

    D.    The District Court Correctly Determined A Preliminary Injunction Is Not in the Public Interest. .............................................10

CONCLUSION..............................................................................................................11

## TABLE OF AUTHORITIES

Page

**CASES**

*Anadarko Petroleum Corp. v. Panhandle Eastern Corp.*,
    545 A.2d 1171 (Del. 1988) ..................................................................... 9

*Atlas Air, Inc. v. Int'l Bhd. Of Teamsters*,
    928 F.3d 1102 (D.C. Cir. 2019) ............................................................. 4

*Catalano, Inc. v. Target Sales, Inc.*,
    446 U.S. 643 (1980) ............................................................................... 5

*Copperweld Corp. v. Indep. Tube Corp.*,
    467 U.S. 752 (1984) ............................................................................... 5

*Davis v. Pension Benefit Guaranty Corp.*,
    571 F.3d 1288 (D.C. Cir. 2009) ........................................................... 10

*F.T.C. v. Indiana Fed. of Dentists*,
    476 U.S. 447 (1986) ............................................................................... 7

*F.T.C. v. Weyerhauser Co.*,
    665 F.2d 1072 (D.C. Cir. 1981) ............................................................. 4

*John Doe Co. v. C.F.P.B.*,
    849 F.3d 1129 (D.C. Cir. 2017) ........................................................... 10

*Monsanto Co. v. Spray-Rite Serv. Corp.*,
    465 U.S. 752 (1984) ............................................................................... 5

*Ohio v. Am. Express Co.*,
    138 S. Ct. 2274 (2018) ........................................................................... 8

*Paramount Famous Lasky Corp. v. United States*,
    28 U.S. 30 (1930) ................................................................................... 7

*Poller v. Columbia Broadcasting Sys., Inc.*,
    368 U.S. 464 (1962) ........................................................................... 5, 6

*Polygram Holding, Inc. v. F.T.C.*,
    416 F.3d 29 (D.C. Cir. 2005) ................................................................. 7

*Robertson v. Sea Pines Real Estate Co., Inc.*,
   679 F.3d 278 (4th Cir. 2012) ................................................................................5

*Sills v. Bureau of Prisons*,
   761 F.2d 792 (D.C. Cir. 1985) ..............................................................................2

*Taxpayers Watchdog, Inc. v. Stanley*,
   819 F.2d 294 (D.C. Cir. 1987) ..............................................................................2

*United States ex rel. Schneider v. J.P. Morgan Chase Bank, N.A.*,
   No. 19-7025, 2019 WL 4566462 (D.C. Cir. Aug. 22, 2019) ................................2

*United States v. Masonite Corp.*,
   316 U.S. 265 (1946) ..............................................................................................5

*Washington v. Albertsons Co., Inc.*,
   No. 101530-5 (Wash. Dec. 16, 2022) ...................................................................1

*Webster v. Toro*,
   49 F.4th 562 (D.C. Cir. 2022) ...............................................................................2

*White House Vigil for ERA Comm. v. Watt*,
   717 F.2d 568 (D.C. Cir. 1983) ..............................................................................3

## PRELIMINARY STATEMENT

This appeal stems from an unprecedented effort by the District of Columbia, California, and Illinois ("Appellants") to interfere with Appellee Albertsons Companies, Inc.'s ("Albertsons") independent decision to return excess capital to its shareholders through a special dividend (the "Special Dividend"). Appellants have not marshaled any evidence in support of their extraordinary claim that Albertsons and The Kroger Co. ("Kroger") "agreed" to pay the Special Dividend, or that payment will harm Albertsons, competition, or consumers. Appellants have *repeatedly* failed to persuade the District Court to enjoin the Special Dividend, and this Court refused to grant the *same* injunctive relief on December 20, 2022. A Washington state court has likewise refused to grant the same preliminary injunctive relief requested in a parallel action advancing nearly identical claims.[1]

These are paradigmatic circumstances in which summary affirmance is appropriate. Appellants misstate the relevant standard, conflate the Special Dividend with the proposed merger between Albertsons and Kroger, and rely on misrepresentations of fact and law in a strained attempt to manufacture "straightforward errors" by the District Court warranting this Court's plenary review. They fail to show any actual error in the District Court's findings

---

[1] The Washington Supreme Court Commissioner entered an order temporarily restraining payment of the Special Dividend until at least January 17, 2023, pending determination of the State of Washington's motions seeking appellate review. In doing so, the Commissioner noted that "[t]he State does not make a compelling case at this juncture that it will prevail in the end." *Washington v. Albertsons Co., Inc.*, No. 101530-5 (Wash. Dec. 16, 2022).

requiring further briefing and cannot escape the fact that this Court has effectively heard and rejected Appellants' meritless arguments by denying the same injunctive relief. Appellants Tab 1.[2]

## ARGUMENT

Appellants do not dispute that summary affirmance is appropriate where "the merits are so clear that expedited action is justified." *Webster v. Toro*, 49 F.4th 562, 566 n.1 (D.C. Cir. 2022) (cited by Appellants). Although a party seeking summary disposition must show deviation from this Court's ordinary processes is warranted, summary disposition is not, as Appellants suggest, an extraordinary remedy. *See, e.g., United States ex rel. Schneider v. J.P. Morgan Chase Bank, N.A.*, No. 19-7025, 2019 WL 4566462, at *1 (D.C. Cir. Aug. 22, 2019); *Sills v. Bureau of Prisons*, 761 F.2d 792, 793-94 (D.C. Cir. 1985). Summary affirmance should be granted if the issues in a case are straightforward and "no benefit will be gained from further briefing and argument of the issues presented." *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987).

---

[2] "Appellants Tab X" refers to documents submitted by Appellants in connection with their Motion for an Injunction Pending Appeal, filed on December 13, 2022. "Motion Tab X" refers to documents submitted by Albertsons in connection with its Consolidated Opposition to Appellants' Motion for an Injunction Pending Appeal and Motion for Summary Affirmance (the "Motion"), filed on December 15, 2022. "Opp." or "Opposition" refers to Appellants' Opposition to Summary Affirmance, filed on December 30, 2022.

2

This is such a case. The legal and factual issues relevant to this appeal have been thoroughly explored, both in the District Court and as part of the ongoing proceedings in the State of Washington (including in an evidentiary hearing). This Court has the benefit of over 100 pages of briefing and voluminous appendices submitted in connection with Appellants' Emergency Motion for an Injunction Pending Appeal and Appellees' instant Cross-Motion for Summary Affirmance. Appellants have failed to show any basis for injunctive relief, much less that the District Court committed clear error such that further briefing and argument is necessary. *See, e.g., White House Vigil for ERA Comm. v. Watt*, 717 F.2d 568, 571 (D.C. Cir. 1983) (district court's decision to grant or deny a preliminary injunction may be reversed only if the district court "rest[ed] its analysis on an erroneous premise or is clearly wrong in reaching its conclusions"). Full plenary briefing and oral argument would only rehash the same arguments and further delay resolution. Summary affirmance is appropriate.

**A.     The District Court Correctly Concluded Appellants Were Not Likely to Succeed on the Merits.**

   1.     There Was No Unlawful Agreement or Concerted Action.

Appellants largely repeat the same arguments they made to the District Court and in their Emergency Motion, claiming the District Court improperly found no unlawful agreement in violation of the Sherman Act and its state law analogues. Opp. at 12-14. But the District Court's determination was compelled

3

by the text of the Merger Agreement, the testimony submitted, and the documentary record, all of which showed Albertsons unilaterally elected to return $4 billion in excess capital to its shareholders via a special dividend. *See, e.g.*, Motion at 11-14; Appellants Tab 4 at 3, 16; Motion Tab A at ¶¶ 13-16, 18, 21-22; Motion Tab E at 46:13-23, 100:15-101:4, 135:22-136:8, 141:4-142:4.  As the District Court properly concluded, Albertsons has no obligation to pay the Special Dividend under the Merger Agreement's terms; Kroger likewise has no ability to compel Albertsons to pay the Special Dividend.  Motion Tab A ¶¶ 23-24; Appellants Tab 4 at 4, 16.  Appellants' disagreement with the District Court's evaluation of the record is not enough to give rise to reversible error or to warrant further plenary briefing. *See F.T.C. v. Weyerhauser Co.*, 665 F.2d 1072, 1078–80, 1090 (D.C. Cir. 1981) (affirming denial of a preliminary injunction where conclusions were "not unreasonable"); *Atlas Air, Inc. v. Int'l Bhd. of Teamsters*, 928 F.3d 1102, 1112 (D.C. Cir. 2019) (clear error requires lack of "substantial evidentiary support").

Appellants are simply incorrect that the Special Dividend's payment is a "transaction[] contemplated" by the recitals and that Albertsons "declared the dividend" in the Merger Agreement. Opp. at 5, 11. The Merger recitals confirm, for "avoidance of doubt," that the "Transactions" referred to include "the Merger[,] . . . the Separation and the [SpinCo] Distribution;" Albertsons' declaration of the

4

Special Dividend is separately referenced and not included within the defined term "Transactions." Appellants Tab 4 at 1. Moreover, Albertsons did not "declare the dividend" in the Merger Agreement; Albertsons' Board separately declared the Special Dividend during its October 13, 2022 meeting—a fact that the Merger Agreement recitals merely reference. Motion Tab A ¶¶ 1, 16, 39; Appellants Tab 4 at 1. Plenary review is not necessary to reject these arguments.

Appellants likewise cannot prove an unlawful agreement. Opp. at 2, 10. Unilateral action does not violate Section 1 of the Sherman Act. *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 768 (1984); *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984). Appellants' reliance on *Robertson v. Sea Pines Real Estate Co., Inc.*, 679 F.3d 278 (4th Cir. 2012), *Catalano, Inc. v. Target Sales, Inc.*, 446 U.S. 643 (1980), *United States v. Masonite Corp.*, 316 U.S. 265 (1946), and *Poller v. Columbia Broadcasting Sys., Inc.*, 368 U.S. 464 (1962), is misplaced. Opp. at 4, 12-14. In the first three cases, there was concerted action by all parties to fix prices, a *per se* violation of the antitrust laws. *Robertson*, 679 F.3d at 283, 289-90 (price-fixing agreement was "both plainly documented and readily available" such that the "concerted conduct is not a matter of inference or dispute"); *Catalano*, 446 U.S. at 650 (finding an "agreement among competing wholesalers to refuse to sell unless the retailer makes payment in cash either in advance or upon delivery" to be price fixing); *Masonite*, 316 U.S. at 275-76

5

(parties entered into contracts expressly allowing a ringleader to fix prices). In *Poller*, the alleged "unilateral" action was merely one aspect of the overarching conspiracy to eliminate a competitor through multiple parties' concerted action. There is no comparable agreement alleged, much less proven, here.

  2. <u>The District Court Correctly Found No Evidence of an Unreasonable Restraint of Trade.</u>

Appellants also cannot show the District Court's determination that the Special Dividend would not unreasonably restrain trade warrants further briefing and review by this Court. That finding, like the District Court's finding that there was no agreement, is reviewed only for clear error, of which there was none.

Appellants assert the Special Dividend will weaken Albertsons by "strip[ping] Albertsons of nearly all cash-on-hand." Opp. at 14-15. But, as Albertsons' CFO testified, Albertsons is a thriving company and continues to generate significant excess cash. *See, e.g.*, Motion Tab A ¶¶ 42-55; *see also* Appellants Tab 6 at 2. Even after paying the Special Dividend, Albertsons will still have over $3 billion in liquidity, including $500 million in cash. Motion Tab A ¶¶ 9-10, 30, 44-46; *see also* Motion Tab B ¶ 8; Appellants Tab 11 ¶¶ 17, 19. The District Court's decision to credit this undisputed testimony is not unreasonable given the lack of contrary evidence. Appellants' bald allegations that the District Court "got the economics wrong" and that Albertsons somehow

miscalculated its own liquidity needs, Opp. at 16, are contradicted by the record and do not warrant further review from this Court.

Appellants also baselessly assert the Special Dividend will "restrict [Albertsons'] ability to raise additional money" without first consulting with Kroger.[3] Opp. at 14-15, 17-18. As the District Court correctly found, there is no reason to interpret section 6.1(n) of the Merger Agreement as barring Albertsons from drawing on its existing ABL facility to execute on its capital investment plans or operate its business. Appellants Tab 4 at 61-62. Nor is there any reason to conclude that the ABL's favorable interest rate would significantly restrict Albertsons' access to liquidity. *See* Motion at 18-19; Motion Tab B ¶¶ 9-11; Motion Tab D ¶¶ 2-5. The District Court did not clearly err by concluding that Albertsons had drawn on the ABL in recent years and that it would be able to draw on the ABL to fund the Special Dividend or execute on its future capital investment plans. Appellants Tab 1 at 3-4; Motion Tab A ¶¶ 62-65; *Id*. Tab B ¶¶ 8,

---

[3] Appellants' cases where courts have found an agreement between rivals "to stop competing on certain contractual terms" unreasonably restrained trade, Opp. at 15, are irrelevant. As the record makes clear, there is no agreement between Kroger and Albertsons to pay the Special Dividend. The Merger Agreement's standard M&A provision allowing Albertsons to draw on its ABL revolver in the ordinary course of business is not comparable to an agreement to stop competing with respect to certain products or contractual terms. *Cf., e.g.*, *Polygram Holding, Inc. v. F.T.C.*, 416 F.3d 29, 32 (D.C. Cir. 2005) (agreement to issue a moratorium on promotion and advertising); *Paramount Famous Lasky Corp. v. United States*, 28 U.S. 30, 37 (1930) (agreement to only offer certain contractual terms to down-stream distributors); *F.T.C. v. Indiana Fed. of Dentists*, 476 U.S. 447, 455 (1986) (agreement to withhold information from insurance companies).

11. Appellants offer no reason for this Court to waste resources to further assess these conclusions.

Finally, the District Court did not err by noting Appellees lacked any incentive to harm Albertsons. As the District Court acknowledged, consideration of incentives "is not a necessary component" of a Sherman Act claim. Appellants Tab 2 at 71-72. It did not base its decision on Appellees' lack of plausible incentive to harm Albertsons; it properly noted it as confirming its analysis based on the other evidence before it.

### B. Appellants Failed to Establish Irreparable Harm.

Appellants do not dispute their claims depend on proof of harm to competition. Opp. at 21. Instead, they claim the District Court erred by not crediting their conclusory claim that "competition in the supermarket industry will be irreparably harmed by higher prices that can never be recouped."[4] Opp. at 21. But Appellants did not attempt to prove paying the Special Dividend would result in "higher prices," nor did they meet their burden to prove any other harm to competition. The possibility of "higher prices" is typically considered in assessing whether to enjoin a merger; not a dividend. The District Court properly recognized

---

[4] "[C]ompetition in the supermarket industry" is not a cognizable market. Appellants neither identify nor properly define any antitrust market that could be affected by the Special Dividend. This is fatal to Appellants' claims. *See Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2285 (2018).

8

the question of whether to enjoin the Merger was not before it; the Merger is subject to a separate review and it cannot close until that review is complete.

### C. The District Court Correctly Determined The Equities Do Not Favor Preliminary Injunctive Relief.

Although the District Court did not consider the equities as "particularly critical" given Appellants' failure to establish the other elements for injunctive relief, its recognition that a preliminary injunction "obviously" would "harm Albertsons" and "at least certain shareholders" was clearly correct. Opp. at 21-22. A preliminary injunction would displace Albertsons' Board's business judgment, subject Albertsons and its Board to potential liability, and deprive Albertsons' shareholders of a Special Dividend that has been due and owing since November 7, 2022 (including shareholders who acquired Albertsons' stock in reliance on that payment).

The Merger Agreement's recognition that the Special Dividend could be declared before closing with payment occurring after closing is inapposite. Here, the harm results from Appellants' attempt to restrain payment of a dividend *after* it has been publicly announced and is due and owing to shareholders. *Anadarko Petroleum Corp. v. Panhandle Eastern Corp.*, 545 A.2d 1171, 1175 (Del. 1988) ("[U]pon a valid declaration of a dividend the corporation becomes indebted to the stockholder, and the stockholder may recover the declared amount in an action . . . against the corporation."). While shareholders could be "paid" later, such payment

9

may not be "in full" given the lost time value of money (which may be as much as $1 million *per day*)—a massive potential harm Appellants simply ignore. Given the obvious harms, the District Court properly concluded the equities did not favor injunctive relief, particularly in light of the lack of any public interest in restraining payment. *Infra* Section D.

### D. The District Court Correctly Determined A Preliminary Injunction Is Not in the Public Interest.

The District Court's determination that a preliminary injunction was "not in the public interest" was neither "conclusory" nor "erroneous." Opp. at 9, 22. Cross-referencing its detailed discussion of Appellants' failure to prove harm to competition in light of the evidence demonstrating Albertsons' strong financial position and ample resources, *see* Appellants Tab 2 at 70-73, the District Court correctly recognized that, in the absence of harm to competition, the public interest did not favor interfering in Albertsons' internal affairs. *Id.* The District Court's conclusion comports with governing law. Merely "preserving the status quo" is not sufficient "public interest" to justify an injunction; otherwise, such relief would be granted freely and not classified as an "extraordinary remedy" to be granted only upon a "clear showing" such relief is warranted. *John Doe Co. v. C.F.P.B.*, 849 F.3d 1129, 1131 (D.C. Cir. 2017). In any event, the District Court clearly did not err in denying a preliminary injunction given Appellants failed to establish the other required elements of injunctive relief. *See Davis v. Pension Benefit*

10

*Guaranty Corp.*, 571 F.3d 1288, 1292 (D.C. Cir. 2009); *see also supra* Sections A-C; Motion at 10-23.

## CONCLUSION

Albertsons' motion for summary affirmance should be granted.

Dated: January 10, 2023                    Respectfully submitted,

/s/ *Edward D. Hassi*

**DEBEVOISE & PLIMPTON LLP**              **JENNER & BLOCK LLP**

Edward D. Hassi                            Stephen L. Ascher
(thassi@debevoise.com)                     (sascher@jenner.com)
Leah S. Martin                             William S.C. Goldstein
(lmartin@debevoise.com)                    (wgoldstein@jenner.com)
801 Pennsylvania Avenue, N.W.              1155 Avenue of the Americas
Washington, DC 20004                       New York, NY 10036
Tel.: (202) 383-8000                       Tel.: (212) 891-1600

Shannon Rose Selden,                       Andrianna D. Kastanek
(srselden@debevoise.com)                   (akastanek@jenner.com
J. Robert Abraham,                         Gabriel K. Gillett
(jrabraham@debevoise.com)                  (ggillett@jenner.com)
919 Third Avenue                           Miriam J. Wayne
New York, NY 10022                         (mwayne@jenner.com)
Tel.: (212) 909-6000                       353 North Clark Street
                                           Chicago, IL 60654
                                           Tel.: (212) 840-7290

*Counsel for Appellee Albertsons Companies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2023, this reply in support of Albertsons' motion for summary affirmance was filed with this Court via CMF/ECF, which will serve all counsel of record registered to use the CM/ECF system, and four paper copies were hand-delivered to the Court. True and correct copies were served via e-mail, with consent, to:

Bryan Leitch
Bryan.leitch@dc.gov

Caroline S. Van Zile
Caroline.vanzile@dc.gov

Ashwin P. Phatak
Ashwin.phatak@dc.gov

Adam Gitlin
Adam Gitlin@dc.gov

Paula Lauren Gibson
paula.gibson@doj.ca.gov

Brian Matthew Yost
brian.yost@ilag.gov

Alex Hemmer
alex.hemmer@ilag.gov

Adam B. Banks
Adam.banks@weil.com

Andrew Santo Tulumello
Drew.tulumello@weil.com

Jeffrey H. Perry
Jeffrey.perry@weil.com

Mark Andrew Perry
Mark.Perry@weil.com

Michael B. Bernstein
Michael.b.bernstein@arnoldporter.com

Sonia Kuester Pfaffenroth
Sonia.pfaffenroth@arnoldporter.com

Jason C. Ewart
Jason.ewart@arnoldporter.com

Matthew M. Wolf
Matthew.wolf@arnoldporter.com

Robert Reeves Anderson
Reeves.Anderson@arnoldporter.com

Kolya D. Glick
Kolya.Glock@arnoldporter.com

*/s/ Edward D. Hassi*
Edward D. Hassi
DEBEVOISE & PLIMPTON LLP

*Counsel for Appellees Albertsons Companies, Inc.*

3

## CERTIFICATE OF COMPLIANCE

I hereby certify that this reply in support of Albertsons' Motion for Summary Affirmance complies with the type-volume limitations in Federal Rule of Appellate Procedure 27(d)(1) and D.C. Circuit Rule 8(b) because the motion consists of 2,531 words, excluding the parts of the document exempted by Federal Rule of Appellant Procedure 32(a)(7)(B). This consolidated opposition and motion complies with the typeface and type style requirement Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface in Times New Roman 14-point font.

*/s/ Edward D. Hassi*
Edward D. Hassi
DEBEVOISE & PLIMPTON LLP

*Counsel for Appellees Albertsons Companies, Inc.*