NOT YET SCHEDULED FOR ORAL ARGUMENT

No. 22-7168

# In the United States Court of Appeals for the District of Columbia Circuit

DISTRICT OF COLUMBIA;
THE STATE OF CALIFORNIA; AND
THE STATE OF ILLINOIS

*v.*

THE KROGER CO. AND
ALBERTSONS COMPANIES INC.

ON EMERGENCY APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA
(CIV. NO. 1:22-CV-03357, THE HONORABLE CARL J. NICHOLS)

**APPELLEE THE KROGER CO.'S OPPOSITION TO
APPELLANTS' MOTION FOR VACATUR**

ROBERT REEVES ANDERSON
**ARNOLD & PORTER KAYE SCHOLER LLP**
  *1144 15th Street Suite 3100*
  *Denver, CO 80202*
  *(303) 863-1000*

MATTHEW M. WOLF
MICHAEL B. BERNSTEIN
SONIA K. PFAFFENROTH
KOLYA D. GLICK
**ARNOLD & PORTER KAYE SCHOLER LLP**
  *601 Massachusetts Avenue, NW*
  *Washington, DC 20001*
  *(202) 942-5000*

MARK A. PERRY
DREW TULUMELLO
JEFFREY PERRY
**WEIL, GOTSHAL & MANGES LLP**
  *2001 M Street NW, Suite 600*
  *Washington, DC 20036*
  *(202) 682-7511*

ADAM BANKS
**WEIL, GOTSHAL & MANGES LLP**
  *767 Fifth Avenue*
  *New York, NY 10153*
  *(212) 310-8000*

In response to this Court's January 18, 2023 Supplemental Briefing Order, the Parties all agreed that this appeal is moot and should be dismissed. Appellants, however, also moved under *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950), to vacate the district court's ruling denying their Motion for a Preliminary Injunction. Appellee The Kroger Co. respectfully submits that the *Munsingwear* doctrine does not apply here, and that this Court should deny Appellants' Motion for Vacatur.

Applying the *Munsingwear* doctrine, this Court has emphasized that vacatur is appropriate where (1) "mootness results from unilateral action of the party who prevailed below" and (2) prevents further review. *See Hall v. CIA*, 437 F.3d 94, 99-100 (D.C. Cir. 2006) (quoting *United States Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994)). As was the case in *Munsingwear* itself, the doctrine most often applies when there is a government party that unilaterally moots the appeal by changing the policy or rule underlying the lawsuit. *See, e.g.*, *id.*; *Ctr. for Sci. in Pub. Int. v. Regan*, 727 F.2d 1161, 1162-65 (D.C. Cir. 1984) (vacatur appropriate where "agency undertook further rulemaking" that "eviscerate[d] the[ pending] appeals").

For the following reasons, *Munsingwear* vacatur is not warranted here.

***First***, Kroger has taken no action whatsoever to moot this appeal, much less unilateral action. Appellants continue to ignore or shade the facts that do not fit their antitrust conspiracy theory, arguing that "Albertsons *and Kroger* … rendered this appeal moot in the wake of the Washington Supreme Court's recent decision by paying the $4 billion special cash dividend that appellants sought to preliminarily enjoin." *See* Appellants' Resp. to Jan. 18 Order and Mot. for Vacatur of the Decision Below ("Mot.") at 4 (emphasis added). That is simply false, and Appellants cite nothing to substantiate their contention that Kroger paid anything to anyone.

As this Court's January 18 Order recognized, the Washington Supreme Court had temporarily enjoined a Pre-Closing Dividend that *Albertsons* unilaterally declared would be paid to *Albertsons'* shareholders. When the Washington Supreme Court lifted that temporary restraining order, it was *Albertsons* that paid the Pre-Closing Dividend, just as it was *Albertsons* that submitted a formal SEC filing notifying investors of the Dividend. *See* Kroger's Resp. to Jan. 18 Order at 1; Albertsons' Resp. to Jan. 18 Order at 1.

As Kroger has explained repeatedly throughout this litigation (and as Appellants have not contested), Kroger never held authority to declare the

2

Pre-Closing Dividend or prevent the Pre-Closing Dividend from being declared. *See, e.g.*, Kroger's Opp'n to Mot. for Emergency Inj. Relief and Rule 8 Cross-Mot. for Summary Affirmance at 4, 7-8. So when the time came to *pay* the Pre-Closing Dividend, Kroger played no role whatsoever.

The absence of any action by Kroger to "moot" this appeal renders vacatur improper. *See Azar v. Garza*, 138 S. Ct. 1790, 1792 (2018) (noting *Munsingwear* doctrine is "rooted in equity" and applies "when mootness occurs through ... the 'unilateral action of the party who prevailed in the lower court'" (citation omitted)). Appellants sued Kroger, sought a preliminary injunction, and lost. While the appeal was pending, the controversy became moot, but not because of any act attributable to Kroger. Indeed, Appellants *lost* their claim that the Dividend was the product of an antitrust agreement between Kroger and Albertsons precisely because *only* Albertsons had the unilateral power to declare and, ultimately, pay the dividend.

As it relates to Kroger, therefore, this appeal is akin to any other appeal in which the case or controversy underlying the dispute disappears for reasons not traceable to the appellee, depriving the court of jurisdiction. *See, e.g.*, *NBC-USA Hous., Inc., Twenty-Six v. Donovan*, 674 F.3d 869, 872 (D.C. Cir.

3

2012) (dismissing appeal as moot without vacating where sale of property occurred while appeal was pending); *see also U.S. Bancorp. Mortg. Co.*, 513 U.S. at 24 ("From the beginning we have disposed of moot cases in the manner 'most consonant to justice' … in view of the nature and character of the conditions which have caused the case to become moot.'" (quoting *United States v. Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft*, 239 U.S. 466, 477-78 (1916))).

***Second***, Appellants have not met their "burden, as the party seeking relief from the status quo of the [challenged] judgment, to demonstrate not merely equivalent responsibility for the mootness, but equitable entitlement to the extraordinary remedy of vacatur." *U.S. Bancorp Mortg. Co.*, 513 U.S. at 26; *see also Garza*, 138 S. Ct. at 1792. This is not an ordinary appeal in which the district court entered a single judgment between two adverse parties and the losing party appealed. Here, the district court rejected Appellants' request for injunctive relief *three separate times*, with each order building upon the last: it denied the motion for a temporary restraining order, denied the motion for a preliminary injunction, and denied the requests for an

4

injunction pending appeal.[1] *See* Kroger's Opp'n to Mot. for Emergency Inj. Relief and Rule 8 Cross-Mot. for Summ. Affirmance at 10-16 (detailing procedural history). After all that, this Court too denied Appellants' request for emergency injunctive relief, *see* Dec. 20, 2022 Order, and both the Washington Superior Court and the Washington Supreme Court rejected materially identical requests in the parallel litigation based on a thoroughly developed evidentiary record.

Given their track record, Appellants understandably would like to reset the scoreboard. But with four courts considering and rejecting Appellants' theory of antitrust agreement, this case is not one in which a litigant's strategic action somehow thwarted judicial consideration of an important issue. *See, e.g.*, *Altamont Gas Transmission Co. v. FERC*, 92 F.3d 1239, 1242 n.* (D.C. Cir. 1996) ("[A] moot agency directive should be vacated in order to clear the path for relitigation[.]"); *Sands v. NLRB*, 825 F.3d 778, 786 (D.C. Cir. 2016).

---

[1] In this respect, vacatur would only add confusion to any further litigation. Even if this Court were to vacate the denial of Plaintiffs' motion for a preliminary injunction, Plaintiffs would still need to confront adverse rulings with respect to (1) the denial of their motion for a temporary restraining order, which included a full hearing and fact-finding; and (2) the denial of their motion for an injunction pending appeal. It is therefore unclear what practical effect, if any, vacatur would have on further litigation.

5

Instead, this is an instance of multiple states advancing unprecedented antitrust lawsuits and litigating their theory through briefing and evidentiary hearings for more than three months in two separate jurisdictions. Throughout that process, every court to consider the issue has reached the same conclusion: Kroger and Albertsons did not agree to issue the Pre-Closing Dividend. Appellants have provided no basis for this Court to employ the "extraordinary remedy" of vacatur to upend that fiercely litigated result. *See I.A. v. Garland*, No. 20-5271, 2022 WL 696459, at *1 (D.C. Cir. Feb. 24, 2022) (quoting *U.S. Bancorp. Mortg. Co.*, 513 U.S. at 26); *see also U.S. Bancorp. Mortg. Co.*, 513 U.S. at 26 ("[Judicial precedents] are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J., dissenting))).

***Third***, vacatur is not necessary to "clear[] the path for future relitigation of the issues." *Munsingwear*, 340 U.S. at 40. *Contra* Mot. at 2. Appellants have suggested (at 5 & n.1) that they intend to continue litigating this case.[2]

---

[2] Appellants suggest (at 5 n.1) that, on remand, "the district court could enjoin Kroger from enforcing the merger agreement's credit and debt restrictions or order

6

Accordingly, dismissal of this appeal—which asks, among other questions, whether plaintiffs are "likely" to succeed on the merits—will not thwart further review. *Compare Sands*, 825 F.3d at 786 (finding vacatur was appropriate where, absent vacatur, "reconsideration of the merits of the legal issues in th[e] case" was unlikely); *Hall*, 437 F.3d at 100 (finding that vacatur was appropriate where, absent vacatur, the losing party would not be able to litigate the underlying legal issues).

Rather, to the extent Appellants intend to submit additional evidence to attempt to establish an unlawful agreement—or to seek "disgorgement of illicit profits" resulting from that (non-existent) agreement, *see* Mot. at 5 n.1—they will have every opportunity to do so on remand (assuming, of course, that their complaint can survive a motion to dismiss). And this Court would have every opportunity to review that determination on appeal. Vacatur is thus unnecessary to ensure that "the rights of all parties are preserved." *Munsingwear*, 340 U.S. at 40.

---

disgorgement of illicit profits." But Appellants have not asked for those remedies in their Complaint. *See* Compl. at 26 (Prayer for Relief). Nor have they sought to amend their Complaint. And unlike the State of Washington, Appellants have not moved to voluntarily dismiss their case in light of Albertsons' payment of the Dividend.

7

***Finally***, the fact that the prevailing party here was not the government counsels against vacatur. Where, as in *Munsingwear*, it is the *government* that moots the appeal through unilateral action, the rationale for vacatur is at its strongest. *See* 340 U.S. at 39; *see also Hall*, 437 F.3d at 99-100. The broad enforcement and rulemaking authority of the government often lends itself to repeat litigation against the same party, and vacatur is necessary to prevent the government from gaining an advantage through opportunistic policy changes. *See, e.g.*, *Ctr. for Science in Public Interest*, 727 F.2d at 1162-65; *Akiachak Native Cmty. v. Dep't of Interior*, 827 F.3d 100, 114-15 (D.C. Cir. 2016) (vacatur appropriate where agency issued new rule eliminating challenged policy).

In contrast, where, as here, the prevailing parties are private actors, leaving the judgment in place can provide much-needed repose against a powerful government litigant. *See Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 351 (D.C. Cir. 1997) ("[W]here mootness results from voluntary action, vacatur should not be granted unless to do so would serve the public interest."). Despite repeated defeats in the district court and this Court—and despite parallel defeats against in the Washington litigation—

8

Appellants continue to threaten meritless litigation. Kroger is entitled to the benefits of whatever certainty and repose the district court's decision may offer.

## CONCLUSION

This Court should deny Appellants' Motion for Vacatur and dismiss this case as moot or, in the alternative, summarily affirm the district court's order denying Plaintiffs' Motion for a Preliminary Injunction.

Dated: January 27, 2023

Respectfully submitted,

/s/ R. Reeves Anderson
Robert Reeves Anderson
ARNOLD & PORTER KAYE
SCHOLER LLP
1144 15th Street Suite 3100
Denver, CO 80202
Phone: (303) 863-1000
Fax: (303) 863-2301
Reeves.Anderson@arnoldporter.com

Matthew M. Wolf
Michael B. Bernstein
Sonia K. Pfaffenroth
Kolya D. Glick
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Phone: (202) 942-5000
Fax: (202) 942-5999

9

Matthew.Wolf@arnoldporter.com

<u>/s/   *Mark Perry*</u>
Mark A. Perry
Drew Tulumello
Jeffrey Perry
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC  20036
Phone: (202) 682-7511
Fax: (202) 857-0940
E-mail: mark.perry@weil.com

Adam B. Banks
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Phone: (212) 310-8000
Fax: (212) 310-8007
Email: adam.banks@weil.com

*Attorneys for Appellee The Kroger Co.*

# CERTIFICATE OF COMPLIANCE

I certify that this opposition complies with the type-volume limitation in Fed. R. App. P. 27(d)(2)(A) because it contains 1,736 words, excluding exempted parts. This opposition also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word and Century 14-point font.

Dated: January 27, 2023                    */s/ Robert Reeves Anderson*
                                                                          Robert Reeves Anderson

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2023, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

Dated: January 27, 2023          */s/ Robert Reeves Anderson*
                                 Robert Reeves Anderson