NOT YET SCHEDULED FOR ORAL ARGUMENT

_____

No. 22-7168

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

DISTRICT OF COLUMBIA, *et al.*,

APPELLANTS,

v.

THE KROGER CO., *et al.*

APPELLEES.

_____

On Appeal from the United States District Court
for the District of Columbia

_____

**APPELLEE ALBERTSONS COMPANIES, INC.'S OPPOSITION TO
APPELLANTS' MOTION FOR VACATUR**

_____

In their response to this Court's January 18, 2023 Order, the District of Columbia, California, and Illinois (collectively, "Appellants") concede that the present appeal is moot and that there is no basis for further proceedings before this Court. *See* Appellants' Response to the Court's January 18, 2023 Order and Motion for Vacatur of the Decision Below ("Mot.") at 1. Indeed, Appellants appear to concede that there is no basis for *any* further proceedings on their request for an injunction preventing Appellee Albertsons Companies, Inc. ("Albertsons") from paying the Special Dividend. *See id.* at 5. On the basis of Appellants' concessions, this Court should dismiss the appeal and remand to the District Court with instructions to dismiss Appellants' claim for injunctive relief as moot. *See, e.g.*, *Planned Parenthood of Wisconsin, Inc. v. Azar*, 942 F.3d 512, 519 (D.C. Cir. 2019); *Int'l Internship Programs v. Napolitano*, 463 F. App'x 2, 3 (D.C. Cir. 2012).

Nevertheless, Appellants request that this Court vacate the District Court's order denying their motion for a preliminary injunction, which followed the District Court's denial of a nearly identical motion for a Temporary Restraining Order.[1] Appellants' request that this Court vacate the order denying a preliminary

---

[1] In contrast, the State of Washington voluntarily dismissed its claims after the Washington trial court denied its motion for a preliminary injunction and the Washington Supreme Court denied review. *See* Albertsons' Response to Court's January 18, 2023 Order at 1; Order of Dismissal, *Washington v. Albertsons Companies, Inc.*, No. 22-2-18046-3 SEA (Wash. Super. Ct. Feb. 1, 2023) (Dkt. No. 239). Appellants are incorrect in characterizing Washington's claims as "narrower than" their own. Mot. at 4. The State of Washington

2

injunction under *United States v. Munsingwear*, 340 U.S. 36 (1950) is premised on misrepresentations of the relevant facts, has no basis in equity, and should be denied.

"Judicial precedents are presumptively correct . . . and should stand unless . . . the public interest would be served by vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) (internal quotation marks omitted); *see also Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 351 (D.C. Cir. 1997). Vacatur is an "extraordinary remedy" that Appellants bear a heavy burden to justify. *See Bancorp*, 513 U.S. at 26. As a limited equitable exception to the general practice of leaving judicial precedents undisturbed, vacatur is only appropriate where either (1) the controversy presented for review has "become moot due to circumstances unattributable to any of the parties," *Bancorp*, 513 U.S. at 23, **or** (2) the prevailing party takes voluntary unilateral action mooting the dispute, *see id.* at 24-25; *see also Azar v. Garza*, 138 S. Ct. 1790, 1792 (2018); **and** the equities and public interest weigh in favor of vacatur, *see Bancorp*, 513 U.S. at 26-27. None of these requirements have been met.

---

sought broader relief than Appellants, including but not limited to civil penalties not mooted by Albertsons' payment of the Special Dividend. *Compare* Complaint at 26, *District of Columbia v. Kroger Co.*, No. 1:22-cv-3357 (D.D.C. Nov. 2, 2022) (Dkt. No. 1) *with* Complaint at 17-18, *Washington v. Albertsons Companies, Inc.*, No. 22-2-18046-3 SEA (Wash. Super. Ct. Nov. 1, 2022) (Dkt. No. 1).

***First*,** the equities and public interest do not favor vacating the District Court's order for multiple reasons. Unlike in *Munsingwear* and *Bancorp*, *supra*, Albertsons did not pay the Special Dividend for the purpose of thwarting judicial review of the District Court's order. *Cf. Sands v. Nat'l Labor Relations Bd.*, 825 F.3d 778, 786 (D.C. Cir. 2016) (vacating order where a party's actions could be "reasonably seen as a 'maneuver[ ] designed to insulate a decision from review.'" (quoting *Knox v. Serv. Empls. Int'l Union, Local 1000*, 567 U.S. 298, 306 (2012)); *see also infra* pp. 6-8. Nor does allowing the District Court's order to stand somehow thwart judicial consideration of an important issue given this Court has already considered and rejected Appellants' previous request to enjoin payment of the Special Dividend pending appeal.

Moreover, the District Court's order documents the District Court's assessment and rejection of Appellants' novel and meritless claims on a robust factual record and, along with this Court's denial of an injunction pending appeal, implicitly permitted payment of the Special Dividend—a matter that has garnered significant public attention. *See, e.g.*, *Mahoney v. Babbitt*, 113 F.3d 219, 223 (D.C. Cir. 1997) (noting that the public's interest in the "establishment of precedent argues against vacatur, not in favor of it"); *Fund for Animals v. Mainella*, 335 F. Supp. 2d 19, 28 (D.D.C. 2004) (denying vacatur of a district court opinion and noting public interest in maintaining opinion that "reveal[s] one

4

judicial officer's thoughts on several issues of first impression" and of public importance). In light of the significant judicial resources spent on this fiercely litigated case, Appellants should not be permitted to "wash[] away" the "unfavorable outcome" below after repeatedly failing to convince *any* court that their unprecedented claims are likely to succeed on the merits. *See Humane Soc. of the U.S. v. Kempthorne*, 527 F.3d 181, 186 (D.C. Cir. 2008) (quoting *Bancorp*, 513 U.S. at 29)).

Appellants also have not established that vacatur is required to "clear[] the path for future relitigation of the issues." *Munsingwear*, 340 U.S. at 40. The District Court's order denying the preliminary injunction does not preclude Appellants from continuing to litigate their claims, which Appellants apparently intend to do. *See* Mot. at 5 n.1. The District Court's determination that Appellants are unlikely to succeed on the merits of their claims does not necessarily prevent them from submitting additional evidence or pursuing other relief. For the same reason, Appellants are not entitled to vacatur in order to preserve their rights in any future action. Only final judgments have preclusive effect, meaning there is no harm to Appellants or the public by allowing the District Court's order to stand. *See Chau v. Dep't of* State, No. 95-5205, 1995 WL 686332 (D.C. Cir. Oct. 19, 1995) (dismissing as moot appeal from denial of a preliminary injunction but declining to vacate the lower court's decision since appellants had not shown

5

"equitable entitlement to the extraordinary remedy of vacatur, because the judgment from which they appeal is a preliminary injunction that lacks preclusive effect"); *see also Gjertsen v. Bd. of Election Comm'rs of City of Chicago*, 751 F.2d 199, 202 (7th Cir. 1984) (declining to vacate order granting preliminary injunction, "since only a final judgment has res judicata or collateral estoppel effect, there is no harm in letting an interlocutory order stand"); *Fund for Animals*, 335 F. Supp. 2d at 27-28.

***Second***, Appellants cannot establish that review has become moot due to circumstances unattributable to the parties or that Albertsons took voluntary unilateral action to moot the dispute. This is not a case where mootness occurred by mere happenstance; mootness was the product of Albertsons' payment of the Special Dividend. But that payment was made only after it was implicitly authorized by this Court and the Washington Supreme Court—and was compelled by Delaware law after the Washington TRO was lifted. Under these circumstances, as explained further below, the payment was neither unilateral nor voluntary as contemplated by *Munsingwear* and *Bancorp*.

Albertsons did not unilaterally moot this appeal. Albertsons (and not Kroger)[2] paid the Special Dividend after months of litigation, after ***four*** different

---

2   Kroger took no action and was not involved in payment of the Special Dividend in any respect. *See generally* Appellee The Kroger Co.'s Opposition to Appellants' Motion for Vacatur.

6

courts rejected Appellants' (and the State of Washington's) arguments for injunctive relief, and after the Washington Supreme Court terminated a restraining order previously imposed to allow for review of the State of Washington's state law claims. In other words, rather than unilaterally making payment to moot Appellants' challenge, Albertsons participated in ***exhaustive*** judicial review of its independent decision to declare and pay the Special Dividend, and every court to consider the issue concluded that decision did not violate state or federal antitrust laws. Thus, Albertsons' payment of the Special Dividend is not analogous to the kind of unilateral action to evade judicial review contemplated by *Munsingwear* and its progeny. *See, e.g.*, *Hall v. CIA*, 437 F.3d 94, 99-100 (D.C. Cir. 2006) (vacatur appropriate where CIA unilaterally released documents without payment, mooting plaintiff's claims); *W. Virginia Ass'n of Cmty. Health Centers, Inc. v. Heckler*, 734 F.2d 1570 (D.C. Cir. 1984) (vacatur appropriate where government disbursed relevant funds to other recipients).

Albertsons' payment of the Special Dividend also was not "voluntary" as envisioned by *Munsingwear*. *See Garza*, 138 S. Ct. at 1792-93 (recognizing that vacatur may be appropriate where the prevailing party "take[s] *voluntary* action that moots the dispute," there, an abortion) (emphasis added)); *see also Nat'l Black Police Ass'n*, 108 F.3d at 351 (noting that "the *Bancorp* presumption" in favor of vacatur applies when a case is mooted by the prevailing party's "voluntary action,"

7

there, passing new legislation that mooted the underlying issue). Having declared the Special Dividend prior to the start of this litigation, Albertsons, a Delaware corporation, was required to pay the Special Dividend to its shareholders once all legal impediments to doing so had been removed as a matter of Delaware law. *See Anadarko Petroleum Corp. v. Panhandle E. Corp.*, 545 A.2d 1171, 1175 (Del. 1988) (under Delaware law, the declaration of a dividend by a corporation's board creates a binding debtor-creditor relationship between the corporation and shareholders as of the record date, and the corporation is liable for the amount of the declared dividend). Albertsons' payment of the Special Dividend thus was legally compelled by Delaware law and should not be considered the type of "voluntary action" to evade judicial review contemplated by the *Munsingwear* doctrine. *Garza*, 138 S. Ct. at 1792-93.

# CONCLUSION

Appellants' motion for vacatur should be denied for the reasons herein and the Court should dismiss this case as moot or, in the alternative, summarily affirm the District Court's order.

Dated: February 3, 2023                Respectfully submitted,

/s/ *Edward D. Hassi*

**DEBEVOISE & PLIMPTON LLP**                **JENNER & BLOCK LLP**

Edward D. Hassi                             Stephen L. Ascher
(thassi@debevoise.com)                      (sascher@jenner.com)
Leah S. Martin                              William S.C. Goldstein
(lmartin@debevoise.com)                     (wgoldstein@jenner.com)
801 Pennsylvania Avenue, N.W.               1155 Avenue of the Americas
Washington, DC 20004                        New York, NY 10036
Tel.: (202) 383-8000                        Tel.: (212) 891-1600

Shannon Rose Selden,                        Andrianna D. Kastanek
(srselden@debevoise.com)                    (akastanek@jenner.com
J. Robert Abraham,                          Gabriel K. Gillett
(jrabraham@debevoise.com)                   (ggillett@jenner.com)
66 Hudson Boulevard                         Miriam J. Wayne
New York, NY 10001                          (mwayne@jenner.com)
Tel.: (212) 909-6000                        353 North Clark Street
                                            Chicago, IL 60654
                                            Tel.: (212) 840-7290

*Counsel for Appellee Albertsons Companies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2023, this document was filed with this Court via CMF/ECF, which will serve all counsel of record registered to use the CM/ECF system, and that four hard copies will be delivered to the Court.

/s/ Edward D. Hassi
Edward D. Hassi
DEBEVOISE & PLIMPTON LLP

*Counsel for Appellees Albertsons Companies, Inc.*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this opposition complies with the type-volume limitations in Federal Rule of Appellate Procedure 27(d)(2)(A) because it consists of 1655 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f). This opposition complies with the typeface and type style requirement Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface in Times New Roman 14-point font.

/s/ Edward D. Hassi
Edward D. Hassi
DEBEVOISE & PLIMPTON LLP

*Counsel for Appellees Albertsons Companies, Inc.*